UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON,

      Plaintiff,

v.                                                    Case No:  2:15-cv-322-FtM-38MRM

ROUNDPOINT MORTGAGE
SERVICING CORPORATION and
MULTIBANK 2010-1 SFR
VENTURE, LLC,

      Defendants.

_____/

## ORDER[1]

This matter comes before the Court on Defendants RoundPoint Mortgage Servicing Corporation and Multibank 2010-1 SFR Venture, LLC's Motion to Strike Plaintiff's Jury Trial Demand (Doc. #22) filed on July 17, 2015.  Plaintiff Larry Harrington filed a Response in Opposition (Doc. #26) on July 29, 2015.  The matter is ripe for review.

## Background[2]

This action arises out of improper debt collection efforts.  Plaintiff Larry Harrington ("Harrington") is a debtor who executed a mortgage and note for a residential property in 2006.  (Doc. #1 at 6).  Defendants RoundPoint Mortgage Servicing Corporation and

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] This background section is derived, in its entirety, from Plaintiff Larry Harrington's Complaint (Doc. #1).

Multibank 2010-1 SFR Venture, LLC (collectively hereinafter referred to as "RoundPoint") are the servicer and owner of that mortgage, respectively. (Doc. #1 at 3).  After executing the mortgage at issue, Harrington fell behind on his payments, leading RoundPoint to begin debt collection efforts against him. (Doc. #1 at 7).  These efforts included thousands of harassing phone calls to Harrington's cellphone initiated using an auto dialer and, on some occasions, a prerecorded voice message.  (Doc. #1 at 7).  This is problematic for several reasons.

First, the Telephone Consumer Protection Act ("TCPA") prohibits calls to a cellphone made using an auto dialer or a prerecorded voice unless prior consent is obtained.  (Doc. #1 at 7-11).  And Harrington did not consent to RoundPoint calling his cellphone because RoundPoint is not an original party to the mortgage, but rather a purchaser and assignee.  (Doc. #1 at 7-11).  Second, the Florida Consumer Collection Practices Act ("FCCPA") prohibits willfully communicating with a debtor or any member of their family with such frequency as can reasonably be expected to harass them.  (Doc. #1 at 11-12).  Harrington believes that receiving phone calls for four years initiated by an auto dialer or using a prerecorded message, sometimes multiple times a day, constitutes such frequency that RoundPoint could have reasonably expected to harass him.  (Doc. #1 at 11-12).  Based on these facts, Harrington asserts two counts alleging violations of the TCPA (Count 1) and the FCCPA (Count 2).  (Doc. #1).

## Discussion

RoundPoint seeks to strike the jury demand asserted in Harrington's Complaint on the basis that Harrington waived this right when he executed the mortgage at issue.  To

support this request, RoundPoint provides a copy of the mortgage with the waiver included, which contains a jury trial waiver.  That waiver reads, in full:

> **Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. #22-1 at 15, ¶ 25) (emphasis in original).  RoundPoint believes the underlying claims fall within the gambit of this waiver because they "arise out of" and are "related" to collecting the debt described in the security instrument and note.

Before addressing this argument, Harrington raises an issue that the Court finds persuasive: There is no evidence that the attached mortgage is authentic.  Harrington has not admitted the attached mortgage is authentic.  Nor has RoundPoint provided any testimony, in the form of an affidavit or otherwise, averring the attached mortgage is authentic either.  Instead, RoundPoint simply provides only the attached mortgage and asks the Court to take judicial notice of this document pursuant to Federal Rule of Evidence 201.  But because this document's authenticity is disputed, judicial notice is not proper.  RoundPoint must either provide the Court with an affidavit authenticating the attached mortgage or with a certified copy of the attached mortgage. Until it does so, the instant Motion must be denied without prejudice.

Accordingly, it is now

**ORDERED:**

1.  Defendants' Motion to Strike Plaintiff's Jury Trial Demand (Doc. #22) is **DENIED without prejudice**.

2.  Defendants have until **September 14, 2015**, to file an amended motion with documentation that authenticates the attached mortgage.

**DONE** and **ORDERED** in Fort Myers, Florida, this 1st day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record