UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON,

       Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No:  2:15-cv-322-FtM-38MRM

ROUNDPOINT MORTGAGE
SERVICING CORPORATION and
MULTIBANK 2010-1 SFR
VENTURE, LLC,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendants' Amended Motion to Strike Plaintiff's Jury Trial Demand (Doc. #29) filed on September 14, 2015.  Plaintiff filed a response in opposition (Doc. #31) on September 25, 2015.  Also before the Court is Plaintiff Larry Harrington's Motion to Strike (Doc. #33) filed on September 28, 2015.  Defendants filed a response in opposition (Doc. #35).  These matters are ripe for review.

## **BACKGROUND**

This action arises out of the allegedly improper debt collection efforts of Defendants MultiBank 2010-1 SFR Venture, LLC (MultiBank) and RoundPoint Mortgage Servicing Corporation (RoundPoint).  The First Amended Complaint alleges on or about November 26, 2003, Plaintiff secured a home mortgage (Mortgage) from Riverside Bank

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of the Gulf Cost (Riverside). (Doc. #37, ¶ 31.) MultiBank acquired the Mortgage and hired RoundPoint to service the Mortgage. (*Id.* ¶¶ 32-33.) Plaintiff had no relationship with MultiBank or RoundPoint other than to send his Mortgage payments to MultiBank through RoundPoint. (*Id.* ¶ 35.)

After executing the Mortgage, Plaintiff fell behind on his payments, leading RoundPoint to begin debt collection efforts against him. (*Id.* ¶ 36.) From April of 2010 through approximately May of 2014, RoundPoint, on behalf of MultiBank, made thousands of harassing phone calls using an auto dialer and/or prerecorded voice message to Plaintiff in an effort to collect on the debt. (*Id.*)

Plaintiff asserts violations of the Telephone Consumer Protection Act (TCPA) against both RoundPoint and MultiBank (Count I), and violations of the Florida Consumer Collection Practices Act (FCCPA) against RoundPoint (Count II). Plaintiff alleges Defendants violated the TCPA by calling Plaintiff's cellular telephone using an auto dialer or a prerecorded voice without Plaintiffs consent. (*Id.* ¶ 52-54.) Plaintiff further alleges that RoundPoint violated the FCCPA by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass Plaintiff. (*Id.* ¶ 60.)

On July 17, 2015, Defendants filed a Motion to Strike Plaintiff's Jury Demand (Doc. 22). Attached to that motion was a copy of the Mortgage. (Doc. #22-1.) The Court found that the Mortgage was not properly authenticated and thus, denied Defendants' motion to strike without prejudice. (Doc. #28.) The Court allowed Defendants fourteen days to provide the Court with an affidavit authenticating the attached mortgage or a certified copy of the attached mortgage. (*Id.*)

In compliance with that Order, the Defendants filed the instant Amended Motion to Strike (Doc. #29) and attached an affidavit (Doc. #29-1) and a certified copy of the Mortgage (Doc. #29-2). Plaintiff filed a response in opposition challenging Defendants compliance with the Court's Order (Doc. #31.) Defendants then filed a Notice of Filing State Court Admissions in Support of Defendants' Amended Motion to Strike Jury Trial Demand. (Doc. #32.) Plaintiff filed a Motion to Strike Documents (Doc. #33) seeking to strike the admissions as untimely and filed without leave of Court. Defendants filed a response in opposition. (Doc. #35.)

## **ANALYSIS**

### 1. **Plaintiff's Motion to Strike Documents**

As an initial matter, the Court will address Plaintiff's Motion to Strike Documents (Doc. #33). Plaintiff asserts that Defendants' Notice constitutes a reply brief that is untimely and filed without leave of Court. (*Id.*) Plaintiff also asserts that even if the Court allows the documents to be filed, they should be disregarded because they do not authenticate the Mortgage. (*Id.*)

Defendants assert that the Notice is not a reply brief but rather are admissions filed pursuant to Local Rule 3.03(d). The Court agrees. Under Local Rule 3.03(d), admissions may be filed as necessary to the consideration of a motion. Defendants filed Plaintiff's admissions in support of Defendants' Amended Motion to Strike. Attached to Defendants' Notice is Plaintiff's Request for Admissions (Doc. #32-1) and Defendants' Responses (Doc. #32-2) from the state court foreclosure suit. The Notice does not contain a memorandum or legal argument. Accordingly, Plaintiff's Motion to Strike Documents (Doc. #33) is denied.

**2. Defendants' Amended Motion to Strike Plaintiff's Jury Trial Demand**

Defendants seek to strike the jury demand asserted in the First Amended Complaint.[2] Defendants allege Plaintiff waived his right to a jury trial when he executed the Mortgage which contained a jury trial waiver clause.

*A. Authentication of the Mortgage*

Plaintiff challenges that authentication of the Mortgage asserting Defendants did not comply with the Court's previous Order. The Court gave Defendants an opportunity to authenticate the Mortgage by providing the Court with an affidavit authenticating the attached mortgage or a certified copy of the attached mortgage. (*Id.*) Defendants provided both. (*See* docs. #29-1, 29-2.) In support of the instant motion, Defendants also provided the Court with Plaintiff's Request for Admissions (Doc. #32-1) and Defendants' Responses (Doc. #32-2) from the state court foreclosure suit. In the admissions, Plaintiff admits to signing the subject note/mortgage on or about November 26, 2003, which was recorded in Book 04137, Pages 4783-4800. (Doc. #32-1, ¶ 2; Doc. #32-2, ¶ 2.) This information matches that of the certified copy of the attached mortgage submitted by Defendants. This information also coincides with the allegation in Plaintiff's First Amended Complaint. (Doc. #37, ¶ 31.) Accordingly, the Court finds Defendants have complied with this Court's Order and the Mortgage has been properly authenticated.

*B. Jury Demand*

Plaintiff executed the Mortgage, dated November 26, 2003, which contained a jury trial waiver. Defendants seek to strike the jury demand asserted in the First Amended

---

[2] Defendants assert that although the Motion to Strike was filed before the First Amended Complaint, there was no need to re-file the instant motion because the issue has been fully briefed and no aspect of the jury demand has changed from the original complaint. (Doc. #38, fn 1.)

Complaint on the basis that Plaintiff waived this right when executing the Mortgage. (Doc. #29.) "The Eleventh Circuit has instructed that waivers of valid jury demands are not to be lightly inferred and 'should be scrutinized with utmost care.' " *Martorella v. Deutsche Bank Nat. Trust Co.*, Case no. 12–80372–CIV, 2013 WL 1136444, at 1 (S.D. Fla. Mar. 18, 2013) (quoting *Haynes v. W.C. Caye Et Co., Inc.*, 52 F.3d 928, 930 (11th Cir. 1995)). However, if the waiving party did "knowingly and voluntarily" waive the right to a jury trial, then the Eleventh Circuit has held such a waiver enforceable. *Bakrac, Inc., et al. v. Villager Franchise Sys., Inc.*, 164 Fed. App'x. 820, 823 (11th Cir. 2006).

Plaintiff does not challenge whether he knowingly and voluntarily waived the right to jury trial when signing the mortgage. Rather, Plaintiff argues his claims do not arise, and are not related to, the mortgage and consequently not covered by the waiver. "To determine if a claim falls within the scope of a clause, [the Court must] look to the language of the clause." *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1340 (11th Cir. 2012) (citing *Slater v. Energy Services Grp. Int'l, Inc.*, 634 F.3d 1326, 1330–31 (11th Cir. 2011)); *Newton v. Wells Fargo Bank N.A.*, Case no. 3:13-CV-1017-J-32MCR, 2013 WL 5854520, at *1 (M.D. Fla. Oct. 30, 2013). The waiver states:

> **Jury Trial Waiver**. The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. #22-1 at 15, ¶ 25) (emphasis in original). Therefore, the Court must determine whether Plaintiff's claims "arise out of" or are "in any way related" to the Mortgage document.

In determining whether a claim "relates to" a contract, the Eleventh Circuit states that the dispute giving rise to the claim "occurs as a fairly direct result of the performance

5

of contractual duties" while also indicating "some direct relationship" between the dispute and contract as an outer boundary such that "relates to" does not continue indefinitely. *Byers*, 701 F.3d at 1340–41 (citing *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001) and *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1218 (11th Cir. 2011)); *Levinson v. Green Tree Servicing, LLC*, Case no. 8:14-CV-02120-EAK, 2015 WL 1912276, at *1-2 (M.D. Fla. Apr. 27, 2015).

Here, the Mortgage is the sole source of the parties' relationship. (Doc. #37, ¶ 35.) Moreover, Plaintiff acknowledges that Defendants' alleged violations of the TCPA and FCCPA are a direct result of Plaintiff's failure to pay as contractually obligated under the Mortgage. (*Id.* ¶ 36-37.) Thus, this dispute exists because of the Mortgage. Furthermore, Defendants actions are not outside the scope of the contract because they do not extend beyond the reasonable expectation of the contracting parties. It is reasonable to expect a mortgage holder to resort to debt collection practices in order to collect on an outstanding debt. Whether Defendants' conduct violated a consumer protection law will be determined in due course. Therefore, the Court finds Plaintiff's claims are within the scope of the waiver provision and Defendants' Amended Motion to Strike is due to be granted.

Accordingly, it is now

**ORDERED:**

1. Defendants' Amended Motion to Strike Plaintiff's Jury Trial Demand (Doc. #29) is **GRANTED**. Plaintiff has waived his right to a jury trial and therefore, his jury demand is hereby stricken.

2. Plaintiff Larry Harrington's Motion to Strike Documents (Doc. #33) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 15th day of February, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record