UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON,

        Plaintiff,

v.                              Case No:  2:15-cv-322-FtM-38MRM

ROUNDPOINT MORTGAGE
SERVICING CORPORATION and
MULTIBANK 2010-1 SFR
VENTURE, LLC,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants RoundPoint Mortgage Servicing Corporation and MultiBank 2010-1 SFR Venture, LLC's Motion to Dismiss, or, in the alternaitve, Motion to Stay Litigation (Doc. #64) filed on March 3, 2016. Plaintiff Larry Harrington filed a Response in Opposition (Doc. #70) on March 17, 2016. The matter is ripe for review.

### Background[2]

This is an action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Florida Consumer Collection Practices Act

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court recently recited the facts of this action at length in its February 18, 2016 Order (Doc. #63) and need not do so again here.  Unless otherwise stated, all facts recited in this Order are derived from Plaintiff's Amended Complaint (Doc. #37) and construed in a light most favorable to Plaintiff, the non-moving party.

("FCCPA"), Fla. Stat. § 559.55 et seq. In November 2003, Plaintiff secured a mortgage from Riverside Bank of the Gulf Coast. (Doc. #37 at ¶ 31). Sometime later, MultiBank acquired the mortgage and hired RoundPoint to service it. (Doc. #37 at ¶¶ 32, 34; Doc. #39-1 at 6). Plaintiff had no relationship with MultiBank or RoundPoint other than to send his mortgage payments to Multibank through RoundPoint. (Doc. #37 at ¶ 35).

When Plaintiff fell behind on his mortgage payments, RoundPoint began debt collection activities. As part of those activities, it repeatedly called Plaintiff's cellular and residential telephone numbers using an automatic telephone dialing system or a prerecorded voice. (Doc. #37 at ¶¶ 36-37, 40, 42-46; Doc. #37-1). This included calls to four cellular numbers for which Plaintiff was the named subscriber. (Doc. #37 at ¶¶ 38-39). According to Plaintiff, he gave neither RoundPoint nor MultiBank his cell phone numbers or permission to call him. (Doc. #37 at ¶ 47). Instead, RoundPoint allegedly obtained the numbers from a credit report it accessed. (Doc. #37 at ¶ 50).

Believing these acts violated both federal and state laws, Plaintiff initiated this action on May 28, 2015. (Doc. #1). With leave of Court, he filed an Amended Complaint, which is the operative pleading. (Doc. #37). The Amended Complaint asserts two counts. Count I alleges that RoundPoint and MultiBank violated the TCPA by calling Plaintiff's cell phone numbers using an automated dialer or a prerecorded voice without his consent. (Doc. #37 at ¶¶ 52-54). Count II alleges that RoundPoint violated two subsections of the FCCPA. RoundPoint allegedly violated § 559.72(7) by calling Plaintiff and his family with such frequency as could be expected to harass them. (Doc. #37 at ¶ 60). RoundPoint also allegedly violated § 559.72(18) by calling Plaintiff when it knew an

attorney represented him on the debt for which RoundPoint was attempting to collect. (Doc. #37 at ¶ 66).

Defendants responded to these allegations by filing a motion to dismiss, seeking to dismiss Count I as to MultiBank and Count II in its entirety.  (Doc. #38).  The Court denied Defendants argument as to Count I.  (Doc. #63).  But after Plaintiff conceded the § 559.72(18) violation should be dismissed, the Court granted Defendants' motion as to Count II, in part.  (Doc. #63).  The Court dismissed the § 559.72(18) violation and limited Plaintiff's recovery to statutory damages not to exceed $1,000 for the remaining FCCPA claim.  (Doc. #63).  Now, Defendants once again seek to dismiss Count I.  In the alternative,  they seek to stay this action.

## Discussion

In 2015, the Supreme Court granted certiorari in *Robins v. Spokeo, Inc.*, 135 S. Ct. 1892 (2015), to answer the question "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."  Pet. Writ of Cert. at i, *Spokeo v. Robins*, No. 13-1339 (U.S. May 1, 2014); Br. of Pet'r at i, *Spokeo v. Robins*, No. 13-1339 (U.S. July 2, 2015).  This decision could have broad implications for actions asserting statutory claims, including the TCPA claim asserted here.  If the Supreme Court determines that Congress cannot confer standing by authorizing a private right of action based on a bare violation of a federal statute, then the Court lacks subject matter jurisdiction over this action and will likely decline jurisdiction over the remaining state-law claim.  Recognizing this

possibility, Defendants believe a stay of this action pending the Supreme Court's decision in *Spokeo* is warranted. The Court agrees.

The Supreme Court's decision in *Spokeo* is due no later than June 2016 - less than three months away. There has been very limited discovery conducted in this action thus far, and Defendant has yet to file an answer. Moreover, as other courts have found, "the potential savings to the parties from unnecessary discovery expenses, as well as potential savings in judicial economy, outweigh any hardship on [Plaintiff] that might be caused by the delay." *Figueroa v. Carrington Mortgage Servs. LLC*, No. 8:15-cv-2414-T-24TGW, 2016 WL 718289, at *3 (M.D. Fla. Feb. 22, 2016). Therefore, the Court will stay this action pending the Supreme Court's decision in *Spokeo*. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) (explaining a district court maintains "broad discretion to stay proceedings as an incident to its power to control its own docket"). The remainder of Defendants' Motion is denied, but may be renewed after *Spokeo* is decided.

Accordingly, it is now

**ORDERED:**

1. Defendants Roundpoint Mortgage Servicing Corporation and MultiBank 2010-1 SFR Venture, LLC's Motion to Dismiss, or, in the alternaitve, Motion to Stay Litigation (Doc. #64) is **GRANTED in part**.

2. This action is **STAYED** pending the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (No. 13-1339).

3. On or before June 15, 2016, and every thirty days thereafter, Plaintiff Larry Harrington shall file a report as to the status of *Spokeo*. Additionally, within

**seven (7) days** of the Supreme Court's decision in *Spokeo*, Plaintiff Larry Harrington shall notify the Court.

4. This Clerk is directed to place a stay flag on this action and terminate any pending deadlines or motions.

>   *Sheri Polster Chappell*
>   SHERI POLSTER CHAPPELL
>   UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record