IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LARRY HARRINGTON**,

    Plaintiff

vs.   2:15-cv-322-SPC-MRM

**ROUNDPOINT MORTGAGE SERVICING CORPORATION** and **MULTIBANK 2010-1 SFR VENTURE, LLC**

    Defendants
_____/

**PLAINTIFF LARRY HARRINGTON'S MOTION TO STRIKE AND OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE AND MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT THEREOF**

Larry Harrington ("**Plaintiff**"), files this Motion to Strike and Objections to Defendants' Summary Judgment Evidence and Memorandum of Legal Authority in Support Thereof (the "**Motion**") regarding the testimony of Larry Hughes (Doc. 111-2) provided in support of Defendants' Motion for Summary Final Judgment (Doc. 111).

## I.   Relief Requested

Plaintiff requests that the Court strike all of Larry Hughes' affidavit (Doc. 111-2) as sanctions for RoundPoint's altering of the documents about which Hughes testifies. As explained in section III below, the November 11, 2010 entry in the Mortgaging Servicing Platform ("MSP") (Exhibit A-4) was altered to delete the notation that "THIS IS NOW A SKIP ACCOUNT."

If the Court determines not to strike the entire affidavit of Hughes, Plaintiff requests that the Court strike two of the documents attached to Hughes' affidavit (Exhibits A-4 and A-5) as there is no testimony that those documents are "authentic." Therefore, despite the fact that Defendants describe the exhibits as business records the documents have not been authenticated. It is apparent that the reason Hughes did not testify that the documents were either (1) authentic; or (2) true and correct copies, is that Exhibit A-4 has been materially altered and Exhibit A-5 appears to have been prepared for this litigation.

Finally, again even if Hughes' testimony is allowed, Plaintiff requests that the Court strike paragraphs 6, 7, 14, 17, 18 and 20 of the Hughes' affidavit as such testimony is not competent summary judgment evidence.

## II.   Basis for Request

This Motion is filed pursuant to Fed. R. Civ. P. 56. Whether an affidavit or declaration is competent summary judgment evidence begins and ends with the requirements of Rule 56(e). An affidavit or declaration used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. See Fed. R. Civ. P. 56(c)(4). To establish personal knowledge, an affiant must show he was in a position to "see, hear, or otherwise perceive" the matters raised in the affidavit. See generally *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1300 (M.D. Fla. 2002).

### III.     Request to Strike Entire Affidavit of Hughes

The "business records" which RoundPoint attempts to admit as evidence through the testimony of Hughes have been altered. The November 1, 2010 entry in the Mortgaging Servicing Platform ("MSP") (Exhibit A-4) was altered to delete the notation that "THIS IS NOW A SKIP ACCOUNT."

A true and correct copy of the complete entry for November 1, 2010 is attached hereto as Exhibit A to the declaration of Miltenberger. It was produced by RoundPoint during discovery. When an account is designated as a "Skip Account" it means that the lender is going to outside sources to determine phone numbers at which the borrower can be called.  See web site of Experian attached as Exhibit B to the declaration of Miltenberger.

As sanctions for submitting an altered document to the Court, Plaintiff requests that the entire affidavit and testimony of Hughes be stricken from the record.

### IV.     Request to Strike Documents as not Authenticated

**A. Mr. Hughes' affidavit does not authenticate Exhibits A-4 and A-5 under Rule 901 of the Federal Rules of Evidence because he does not testify that the documents are "what the proponent claims [they are]."**

Even if Exhibits A-4 and A-5 are determined to be a business records, they still have not been authenticated pursuant to Rule 901 of the Federal Rules of Evidence.[1] As

---

[1] To introduce business records there must be testimony under oath that the records were kept in the ordinary course of business, that it was the ordinary course of the business to make and keep such records, and that the records were made on or about the time of the transactions reflected in the records. It is not

this Court has recently noted, "documentary evidence found to be admissible under the business records exception to the hearsay rule must also be authenticated under Rule 901 of the Federal Rules of Evidence." *PNC Bank, Nat. Ass'n v. Orchid Grp. Invs., L.L.C.*, 36 F. Supp. 3d 1294, 1300, n.5 (M.D. Fla. 2014). In so stating, this Court reiterated the ruling of the Eleventh Circuit, where the Court of Appeals held:

> Admissions under the business records exception to the hearsay rule, Fed.R.Evid. 803(6), inherently require two separate findings by the trial judge. First, the proposed evidence must be genuine. Fed.R.Evid. 901, *United States v. Smith,* 609 F.2d 1294, 1302 (9th Cir. 1979). Second, if genuine, the document must be "made at or near the time" of the "events" or "acts" reported "by or from information transmitted by, a person with knowledge" of these "acts" or "events" and "kept in the course of a regularly conducted business activity" where "it was the regular practice of the business activity to make the report." Fed.R.Evid. 803(6); *United States v. Davis,* 571 F.2d 1354, 1360 (5th Cir. 1978).

*United States v. Dreer,* 740 F.2d 18, 19-20 (11th Cir. 1984). Rule 901(a) states, "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed.R.Evid. 901(a). Rule 901(b) gives examples of evidence that satisfy Subsection (a), including the following: "Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be." Fed.R.Evid. 901(b(1). Regarding witness testimony, Rule 602 of the Federal Rules of Evidence further provides: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that

---

essential that the offering witness be the recorder or even be certain of who recorded the item. It is sufficient that the witness be able to identify the record as **authentic** and specify that it was made and preserved in the regular course of business. *United States v. Langford*, 647 F.3d 1309, 1327 (11th Cir. 2011)(emphasis added); *Bueno–Sierra,* 99 F.3d at 378. So, in *United States v. Atchley,* 699 F.2d 1055, 1058 (11th Cir.1983). Hughes does not so testify.

the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed.R.Evid. 602.

Mr. Hughes' affidavit does not state that Exhibits A-4 and A-5 are true and correct copies of the business records maintained by RoundPoint. He cannot so testify because the MSP documents (Exhibit A-4) have been altered to delete information harmful to RoundPoint's case and Exhibit A-5 appears to be prepared solely for use in this litigation. It is well-established that one who prepares a document in anticipation of litigation is not acting in the regular course of business. See *Palmer v. Hoffman*, 318 U.S. 109, 114, 63 S.Ct. 477, 480–81, 87 L.Ed. 645 (1943); *Timberlake Const. Co. v. U.S. Fid. & Guar. Co.*, 71 F.3d 335, 342, 64 USLW 2399, 43 Fed. R. Evid. Serv. 636, 1995 WL 696550 (10th Cir. 1995); *Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3656032 (D. Utah Sept. 15, 2010); Fed.R.Evid. 803(6) advisory committee's note.

### V. Testimony of Larry Hughes to which Plaintiff Objects and Moves to Strike

Even if this Court determines not to strike the entire affidavit of Hughes, portions of his testimony should be stricken as they are not competent summary judgment evidence.

**Paragraph 6**

**Objectionable Testimony:** "In connection with their Loan application, the Harringtons executed a Construction Agreement."

**Basis for Objection:** Lack of Personal Knowledge. Hughes has no personal knowledge of why or how the Construction Agreement was executed. Hughes is not qualified to testify about such subject.

**Paragraph 7**

**Objectionable Testimony:** "The Construction Agreement sets forth the funds the Harringtons will receive from their lender for construction of their home on the Property."

**Basis for Objection:** Best Evidence Rule. The Construction Agreement speaks for itself and Hughes' personal characterization of the Construction Agreement is improper. Additionally, the Construction Agreement does not in any way reference the lender or the loan.

**Paragraph 14**

**Objectionable Testimony:** "RoundPoint's purpose in calling the Harringtons was to determine the reasons for the delinquency on their account, to discuss repayment options to bring the loan current, to discuss alternatives to foreclosure, to comply with rules, regulations and investor guidelines and to assess risks to Multibank's collateral (e.g., insurance and whether the home was currently occupied).

**Basis for Objection:** Hearsay; Lack of Personal Knowledge; Testimony not Supported by the Document. The document does not establish the assertion made by Hughes. To the contrary the documents (Exhibit A-4) state that the calls were made for

purposes of "collection." Hughes has no personal knowledge of any of the calls made to Plaintiff and has no personal knowledge of the reason for any of the calls. Finally, as Hughes does not testify about his position with RoundPoint or his duties and responsibilities, there is no evidence that he is independently aware of the purpose of calls made to debtors, including the Plaintiff.

**Paragraph 17**

**Objectionable Testimony:** "RoundPoint's records reflect that Mr. Harrington called RoundPoint on November 29, 2010 (the "November 29, 2010 Call")"

**Basis for Objection:** Hearsay; Lack of Personal Knowledge; Testimony not Supported by the Document. A review of the record dated November 29, 2010 establishes that it does not say "Mr. Harrington" called RoundPoint. The document simply states the "BRRW" called. Hughes has no personal knowledge of who, if anyone, called on November 29, 2010.

**Paragraph 18**

**Objectionable Testimony:** "RoundPoint's records reflect that the 5307 number was provided by Mr. Harrington during the November 29, 2010 call"

**Basis for Objection:** Hearsay; Lack of Personal Knowledge; Testimony not Supported by the Document. The document does not establish the assertion made by Hughes. Hughes has no personal knowledge of the November 29, 2010 call. The

document does not state that Mr. Harrington provided his 5307 cell number during the call.

**Paragraph 20**

    **Objectionable Testimony:** "RoundPoint's records indicate that the 5307 number was provided as an alternate number by Mr. Harrington during the November 29, 2010 call since it was placed by the call center representative into the phone number position to field in RoundPoint's Mortgage Servicing Platform ("MSP") immediately after the call took place."

    **Basis for Objection:** Hearsay; Lack of Personal Knowledge; Testimony not Supported by the Document. The document does not establish the assertion made by Hughes. Hughes has no personal knowledge of the November 29, 2010 call. The document does not reference when or why the 5307 phone number was placed into the system. Hughes is making an assumption about which he is not qualified to testify. Additionally, the document is not a true and correct copy of the MSP as the entry for November 1, 2010 was altered to delete the notation that "THIS IS NOW A SKIP ACCOUNT." When an account is designated as a "Skip Account" it means that the lender is going to outside sources to determine phone numbers at which the borrower can be called. The altering of the document by RoundPoint calls into question the legitimacy of Hughes' testimony.

## VI. General Observations

While Hughes may be qualified to authenticate the records as the business records (although he did not do so), he cannot testify as to matters not shown in the business records. Hughes has no personal knowledge of the call history with regard to RoundPoint and the Plaintiff. Hughes is making assumptions and statements about what the records show without introducing records to support those statements and assumptions. For instance, the entry for the November 29, 2010 call simply implies that the "BRRW" called. The document does not identify whether Larry Harrington or his spouse, Lori Harrington called. Both are listed as "borrowers" on the Note (ECF 111-3) and the Mortgage (ECF 111-4). Additionally, the document itself makes no reference to and does not establish what if anything was discussed during that call or whether any telephone numbers were provided during that call. As Hughes did not participate in that call he has no personal knowledge of the call and cannot testify about what occurred during the call. Hughes' testimony is pure speculation and entitled to no weight. As such, it must be stricken.

Finally, Exhibit A-4 was altered to delete the information regarding the account being a "Skip Account." The document was altered because in its original state it provides another possible explanation of how RoundPoint obtained the 5307 number.

## VI. Conclusion

Plaintiff respectfully submits that this Motion be granted and that the referenced testimony of David Hughes be stricken from the pleadings.

### VI.     Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), Plaintiff's counsel conferred with Defendants' counsel prior to filing this Motion.  Defendants oppose this Motion.

**Respectfully submitted,**            By:     */s/ Chris R. Miltenberger*
                                               Chris R. Miltenberger
                                               Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Trial Counsel*
*Admitted Pro Hac Vice*

**Wenzel Fenton Cabassa, PA.**

Brandon J. Hill
Florida Bar Number: 37061
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com

**Attorneys for Plaintiff**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules on January ___, 2017.  As such, this document was served on all counsel of record who are deemed to have consented to electronic service.

                                       By:     */s/ Chris R. Miltenberger*
                                               Chris R. Miltenberger