UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| LARRY HARRINGTON,<br>                Plaintiff,<br>-vs-<br>ROUNDPOINT MORTGAGE SERVICING CORPORATION, and MULTIBANK 2010-1 SFR VENTURE, LLC,<br>                Defendants. | )<br>)<br>)<br>)  CASE NO. 2:15-cv-322-SPC-MRM<br>)<br>)<br>) |

**DEFENDANTS'** ***SUPPLEMENT*** **TO**
**MOTION TO STRIKE PORTIONS OF DECLARATIONS**
**AND ATTACHMENTS FILED BY PLAINTIFF IN SUPPORT OF**
**RESPONSE IN OPPOSITION TO SUMMARY JUDGMENT [ECF NO. 129]**

Defendants, RoundPoint Mortgage Servicing Corporation ("RoundPoint") and Multibank 2010-1 SFR Venture, LLC ("Multibank") (collectively, "Defendants"), by and through their undersigned counsel and Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, file this *Supplement* to their previously-filed Motion to Strike Portions of Declarations and Attachments Filed by Plaintiff in Support of the Response in Opposition to Summary Judgment [ECF No. 129] (the "Supplement to the Motion to Strike") and in support thereof, state as follows:

### I.  PROCEDURAL BACKGROUND

On January 9, 2017, Defendants filed their Motion for Summary Judgment [ECF No. 111] (the "Motion for Summary Judgment"). The sole issues in the Motion for Summary Judgment are (1) whether the Plaintiff or his family provided "consent" under the Telephone Consumer Protection Act statute ("TCPA"), and (2) whether RoundPoint willfully communicated with Plaintiff or his family with such frequency as could reasonably be expected to harass him or his family to create liability under the Florida Consumer Collection Practices Act. *See* Motion for Summary Judgment at 9, 18 (*quoting* Fla. Stat. § 559.72(7)).

Plaintiff filed his Response in Opposition to Summary Judgment on January 25, 2017 [ECF No. 120] (the "Response"). Thereafter, on January 30, 2017, the Court granted leave for the parties to file a reply and sur-reply, respectively, to the Motion for Summary Judgment [ECF No. 124].

On February 13, 2017, Defendants filed their Motion to Strike Portions of Declarations and Attachments Filed by Plaintiff in Support of his Response [ECF No. 129] (the "Motion to Strike"). Later that same day, Plaintiff filed his Sur-Reply in Opposition to Defendants' Motion for Summary Judgment [ECF No. 130] (the "Sur-Reply"). Plaintiff's Sur-Reply and the supplemental declarations of Larry Harrington and Randall Snyder attached thereto, suffer from many of the same defects as were present in the evidence and pleadings presented in Plaintiff's Response. These statements and evidence are offered solely to create a genuine issue of material fact. As in his Response, Plaintiff's statements contained in the Sur-Reply are irrelevant, uncorroborated and/or contradicted by prior unequivocal testimony. Thus, they should be stricken. *Santhuff v. Seitz*, 385 Fed. Appx. 939, 944 (11th Cir. 2010).[1]

## II. MEMORANDUM OF LAW

As a preliminary matter, a party may supplement a prior brief where "the materials presented for consideration were not known (or could not have been known) to exist." *Girard v. Aztec RV Resort, Inc.*, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011). Here, Plaintiff's Sur-Reply had not been filed when Defendants filed their Motion to Strike. As such, Defendants

---

[1] Specifically, Defendants seek to strike the following statements and testimony:
  (A) Supplemental Declaration by Randall Snyder and related materials all attached as Sur-Reply Exhibit H.
  (B) Paragraphs 4-8 of the Supplemental Declaration by Larry Harrington attached as Sur-Reply Exhibit J.
  (C) Statement that "[t]here is no evidence that Lori Harrington was authorized to act on behalf of Larry Harrington and provide his 5307 cell number to RoundPoint." Sur-Reply at 2.

were unable to incorporate this additional evidence into that motion, and the instant Supplement to the Motion to Strike is proper.

Defendants will not re-state its prior legal arguments. As a frame for the Court's review of the Supplement to the Motion to Strike, however, this Court had found, "conclusory, self-serving, or uncorroborated allegations in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment or directed verdict." *Smith v. HCA Inc.*, 2005 WL 1866395, at *3 (M.D. Fla. July 26, 2005), *aff'd,* 183 Fed. Appx. 854 (11th Cir. 2006) (*citing Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). Further, striking of material is appropriate "where the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *See Williams v. Eckerd Family Youth Alternative*, 903 F.Supp. 1515, 1517 (M.D. Fla. 1995).

A.      **Additional Testimony by Plaintiff's "Expert" is Irrelevant and Should be Stricken.**

In his Sur-Reply, Plaintiff submits a Supplemental Declaration of his expert, Randall Snyder, along with other documents in support of the assertion that RoundPoint used an "automatic telephone dialing system" as that phrase is used and defined in the TCPA. *See* Sur-Reply, at Ex. H. This issue was not briefed in Defendants' Motion for Summary Judgment. Evidence on this point is offered either solely to create a genuine issue of material fact or in an attempt to put the issue of RoundPoint's alleged use of an automatic telephone dialing system improperly before the court, when Plaintiff did not seek summary judgment on this issue, and the issue has not been briefed for determination at this time.

Under the TCPA, it does not matter whether a defendant used an automatic telephone dialing system if a plaintiff provided consent. *See* 42 U.S.C §227(b)(1)(A)(i) (providing autodialed calls must be without consent to violate the TCPA). Evidence on whether

RoundPoint used an automatic telephone dialing system is offered only as a red herring. Since Defendants have not had an opportunity to respond, however, submission of this one-sided, prejudicial evidence should be stricken.

B.     **Additional Testimony and Allegations By Plaintiff Should Be Stricken**.

The issue on summary judgment under the TCPA is whether Plaintiff or his family provided legal consent to call a cell phone number ending in 5307 (the "5307 Number"). *See* 42 U.S.C §227(b)(1)(A)(i) (providing calls must be without consent to violate the TCPA). In his Sur-Reply, Plaintiff attempts to create a genuine issue of material fact by alleging that his family members did not "normally" use the 5307 Number and instead, they had other phones. *See* Sur-Reply, Ex. J at ¶¶ 5-8. He is doing the same thing here as he did in his previously-submitted Declaration, filed in support of the Response - changing his testimony to fit his needs. He thinks who used the 5307 Number creates a genuine issue of material fact. It does not. Plaintiff should not be allowed to confuse the issues by submitting conflicting testimony and thereby creating a genuine issue of material fact.

Furthermore, Plaintiff cannot create a genuine issue of material fact through his pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("There is no issue for trial unless there is sufficient *evidence* favoring the nonmoving party for a jury to return a verdict for that party.") (emphasis added). Therefore, certainly, Plaintiff cannot make claims in his pleadings that are contrary to the evidence. Specifically, Plaintiff cannot create a genuine issue of material fact by claiming that his wife did not have authority to give out his personal information to RoundPoint (or for Jamie to give to RoundPoint) when this is directly contradicted by his prior testimony. For example, in his Sur-Reply, Plaintiff states "[t]here is no

evidence that Lori Harrington was authorized to act on behalf of Larry Harrington and provide his 5307 cell number to RoundPoint." Sur-Reply at 2.

Yet, Plaintiff testified that his wife (the co-borrower on the loan at issue) had authority to speak with joint creditors and to provide his personal information in connection with such conversations:

> Q. How about your joint credit accounts? Was your wife authorized to speak with your joint creditors?
> A. Yes.
> Q. And did you give her your personal information necessary that she could speak with your creditors?
> A. Yes.
> Q. Did you ever tell your wife she could not use your personal information?
> A. Not that I remember.

Larry Tr. at 40:13-21.[2]

Plaintiff's allegation in his Sur-Reply attempting to discount that Lori Harrington had authority to provide the 5307 Number to Roundpoint contradicts Plaintiff's testimony at deposition, and as such, this allegation should be disregarded.

### III.  CONCLUSION

Plaintiff's self-serving statements in his Supplemental Declaration and Sur-Reply to Defendants' Motion for Summary Judgment, are at best, irrelevant legal conclusions and uncorroborated statements. However, many of the statements flat-out contradict prior testimony by Plaintiff. For the foregoing reasons, Plaintiff's Supplemental Declarations and the statements in his Sur-Reply outlined herein should be stricken.

*Wherefore*, Defendants, RoundPoint and Multibank, respectfully request that this Court grant their Supplement to Motion to Strike Plaintiff's Declarations, enter an order striking the

---

[2] A copy of the complete deposition transcript of Plaintiff, Larry Harrington, can be found as Exhibit 2 to Defendants' Motion to Strike [ECF No. 129].

Supplemental Declarations attached to Plaintiff's Sur-Reply to Defendants' Motion for Summary Judgment, along with certain inconsistent statements contained within the Sur-Reply, and remove such statements from consideration of the pending summary judgment motion in this case, and for any and all other relief this Honorable Court deems just and appropriate.

### CERTIFICATE OF GOOD FAITH CONFERENCE
### PURSUANT TO LOCAL RULE 3.01

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that she has conferred with counsel for Plaintiff in writing *via* email the issues raised in this *Supplement* to Defendants' Motion to Strike.  Plaintiff responded that he opposes the relief sought herein.

Dated: March 6, 2017

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Ave.
PO Box 1549
Orlando, FL  32802-1549
Telephone:  (407) 422-6600
Facsimile:  (407) 841-0325
*Counsel for Multibank and RoundPoint*

By: */s/ Angelica M. Fiorentino*
　　Angelica M. Fiorentino, FBN: 85886
　　*afiorentino@bakerdonelson.com*
　　*wirvin@bakerdonelson.com*
　　Eve A. Cann, FBN: 40808
　　*ecann@bakerdonelson.com*
　　*cmp01@bakerdonelson.com*
　　*OLS-eService@bakerdonelson.com*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2017, I electronically filed the forgoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Chris R. Miltenberger, Esquire | Brandon J. Hill, Esquire |
| Law Office of Chris R. Miltenberger, PLLC | Wenzel Fenton Cabassa, P.A. |
| 1340 N. White Chapel, Suite 100 | 1110 North Florida Avenue, Suite 300 |
| Southlake, TX  76092-4322 | Tampa, FL  33602 |
| *chris@crmlawpractice.com* | *bhill@wfclaw.com* |

                                                 */s/ Angelica M. Fiorentino*
                                                 Angelica M. Fiorentino