UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON,

        Plaintiff,

v.                                        Case No: 2:15-cv-322-FtM-38MRM

ROUNDPOINT MORTGAGE
SERVICING CORPORATION and
MULTIBANK 2010-1 SFR
VENTURE, LLC,

        Defendants.
                               /

## **OPINION AND ORDER**[1]

This matter comes before the Court on Plaintiff Larry Harrington's Motion for Reconsideration (Doc. 145) filed on May 18, 2017. Defendants RoundPoint Servicing Corporation ("RoundPoint") and Multibank 2010-1 SFR Venture, LLC ("Multibank") filed a consolidated Response in Opposition (Doc. 146) on May 31, 2017. The matter is ripe for review.

## **BACKGROUND**

The facts of this case are detailed at length in the Court's previous orders. Therefore, in the interest of brevity, the Court will recite only the salient facts. In

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

September of 2003, Harrington and his wife, Lori Harrington (collectively, the "Harringtons"), executed an agreement with a builder in anticipation of buying a property and constructing a home thereon. (Doc. 111-5).

Two months later, the Harringtons took out a loan (the "Loan") in connection with their purchase of the property. (Doc. 111-3). In so doing, they executed a promissory note (the "Note") that was secured by a mortgage (the "Mortgage") on the property. (Doc. 111-3, 111-4). The Note and Mortgage were then put together in a file for the Loan. Later, the rights to the Loan changed hands, eventually coming to be owned by Multibank. (Doc. 111 at ¶ 6). As a result of the acquisition, the Loan file containing the Note and Mortgage was transmitted to RoundPoint, Multibank's debt service company. (Doc. 111-2 at ¶ 8).

The Harringtons then eventually defaulted on their obligations by failing to make required payments, thereby prompting RoundPoint to attempt to contact them. (Doc. 111-2 at ¶¶ 10, 14). Those attempts were initially unsuccessful because RoundPoint did not have the correct contact information. (Doc. 111-2 at 21). That allegedly changed on November 29, 2010, when Defendants allege that Harrington provided them with his cell phone number while calling to check on the status of the Loan. (Doc. 111-2 at ¶ 20). Nevertheless, from November 2010 until June 2011, Defendants allege that only one call was placed to Harrington's cell phone number. (Doc. 111-2 at ¶ 22).

In June 2011, RoundPoint received a telephone call from someone purporting to be Lori Harrington. (Doc. 111-9 at ¶ 3). During the call, the individual inquired about hazard insurance on the Harringtons' property, and in the process provided Harrington's cell phone number as a point of contact. (Doc. 111-10 at 3:19-4:1). From that day

forward, RoundPoint frequently attempted to effectuate telephonic contact via Harrington's cell phone number. (Docs. 111-2 at ¶ 27; 111-7 29-58).

On May 28, 2015, Harrington filed this action, alleging that Defendants violated the Telephone Consumer Practices Act ("TCPA") and Florida Consumer Collection Practices Act ("FCCPA") when that RoundPoint, acting on behalf of Multibank, wrongfully utilized an automatically-dialed telephone to call his cell phone number repeatedly without his prior express consent. The case then proceeded through litigation.

On September 14, 2015, Defendants filed an Amended Motion to Strike Plaintiff's Jury Trial Demand, citing the existence of a jury trial waiver in the Mortgage. (Doc. 29 at 2). In response, Harrington argued that the jury waiver should not apply because his claims did not arise from, or relate to, the Mortgage. (Doc. 31 at 10-15). Upon review, the Court granted the Motion, striking the jury demand. (Doc. 62 at 6). In so doing, the Court found that the Harrington's claims were inextricably linked to the Mortgage, and therefore subject to the jury waiver. (Doc. 62 at 6). Over a year later, and with a bench trial in the immediate future, Harrington now moves for reconsideration.

## DISCUSSION

In general, "[r]econsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). It "cannot be considered a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996). Similarly, it "does not provide an opportunity

to simply reargue – or argue for the first time – an issue the Court has once determined." *Carter,* 2006 WL 2620302, *at \*1*. Most importantly, the Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.; see also Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03–CV–2378, 2005 WL 1053691, at \*11 (M.D. Fla. Mar.30, 2005)* (stating "a motion for reconsideration is not the proper forum for [a] party to vent dissatisfaction with the Court's reasoning").

Instead, reconsideration is only appropriate where the movant can show the existence of "(1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice.'" *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994); *see also Carter*, 2006 WL 2620302 at \*1. In furtherance of that standard "[a] motion for reconsideration should raise new issues" *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995), and "set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision." *Carter*, 2006 WL 2620302 at \*1 (*citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

Against this backdrop, Harrington argues that he "continues to believe and assert he is entitled to a jury trial." (Doc. 145 at 3). In addition, and without any form of substantive argument on the subject, Harrington presents decisions from the Middle District of Florida that were issued after the Court's previous Order and that decided against enforcing a jury waiver in TCPA or FCCPA claims. (Doc. 145 at 4). This is insufficient to warrant reconsideration. For one thing, "[t]he movant must do more than simply restate his or her previous arguments." *Waite v. All Acquisition Corp.*, 194 F.

Supp. 3d 1298, 1307 (S.D. Fla. 2016). Thus Harrington's mere recitation of belief is unavailing. For another, decisions from elsewhere in the Middle District of Florida do not constitute the type of controlling authority for which a subsequent decision would merit reconsideration. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions.").

Finally, nothing Harrington has presented indicates that Court's decision constituted clear error or manifest injustice. To the contrary, other courts in the Middle District of Florida have also found that a jury waiver in a mortgage is binding for the purposes of TCPA and FCCPA cases. *See Martorella v. Deutsche Bank Nat. Trust Co.*, No. 12-80372-CIV, 2013 WL 1136444, at *3 (S.D. Fla. Mar. 18, 2013); *see also Newton v. Wells Fargo Bank N.A.*, No. 3:13-CV-1017-J-32MCR, 2013 WL 5854520, at *2 (M.D. Fla. Oct. 30, 2013).

Separately, Harrington argues for the first time that even if the Court is not inclined to reconsider the scope of the jury waiver, the jury waiver should not apply to RoundPoint because it was not a party to the Mortgage. But the time to lodge that argument has come and gone, as "any arguments the movant failed to raise in the earlier motion will be deemed waived [on reconsideration]." *Waite v. All Acquisition Corp.*, 194 F. Supp. 3d 1298, 1307 (S.D. Fla. 2016). Hence, because Harrington did not raise that argument in his initial round of briefing, he cannot assert it as grounds for reconsideration now.

Finally, Harrington requests an advisory jury for his claim against Multibank. Because this claim does not hinge on the Court's affirmative grant of reconsideration, the Court will interpret this as a distinct motion. Federal Rule of Civil Procedure 39(c)(1)

provides that where "an action is not triable of right by a jury, the court, on motion or on its own my try an issue with an advisory jury." Fed. R. Civ. P. 39(c)(1). Where an advisory jury is empaneled, it exists merely to assist the judge, who, importantly, is not bound to accept its findings. *See Sheila's Shine Prod., Inc. v. Sheila Shine, Inc.*, 486 F.2d 114, 122 (5th Cir. 1973); *see also Reed v. Riddle Airlines*, 266 F.2d 314, 319 (5th Cir. 1959). And, because the advisory jury is a function of assistance and not of right, a Court's decision on the issue is discretionary. *See Fed. Trade Comm'n v. Lanier Law, LLC*, No. 3:14-CV-786-J-34PDB, 2015 WL 9598794, at *5 (M.D. Fla. Dec. 8, 2015), report and recommendation adopted, No. 3:14-CV-786-J-34PDB, 2016 WL 25938 (M.D. Fla. Jan. 4, 2016).

Notably, Harrington offers no case-specific facts or substantive argument as to why the Court should exercise its discretion to empanel an advisory jury here beyond a cursory request that doing so would be in line with others that have done so in the past. That effort is insufficient. Regardless, the Court finds no unique or compelling circumstances that would call for the assistance of an advisory jury in the trial of this matter. Moreover, were an advisory jury to be empaneled, the interests of judicial economy would be burdened as a result of the time and expense involved in selecting an advisory jury, listening to opening and closing arguments, drafting jury instructions, and instructing the advisory jury. *See Lanier Law, LLC*, 2015 WL 9598794, at *5. As such, the balance of interests weighs against the use of an advisory jury, and Harrington's request is denied.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Reconsideration ([Doc. 145](Doc. 145)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of June, 2017.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record