UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LARRY HARRINGTON,

     Plaintiff,

v.                                                      Case No:   2:15-cv-322-FtM-28MRM

ROUNDPOINT MORTGAGE SERVICING
CORPORATION and MULTIBANK 2010-
1 SFR VENTURE, LLC,

     Defendants.

_____/

**REPORT AND RECOMMENDATION**

Pending before the Court is Defendants' Motion for Attorneys' Fees and Costs, filed on

December 21, 2017.  (Doc. 198).  Plaintiff filed a Response in Opposition on January 18, 2018.

(Doc. 201).  This matter is ripe for review.  For the reasons explained below, the Undersigned

respectfully recommends that Defendants' Motion be **GRANTED IN PART** and **DENIED IN**

**PART**.

**I.      Background**

Plaintiff brought this action against Defendants Multibank 2010-1 SFR Venture, LLC

("Multibank") and RoundPoint Mortgage Servicing Corporation ("RoundPoint"), alleging that:

(1) Multibank and RoundPoint violated the federal Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, by calling Plaintiff's cell phone without his prior express consent

using equipment that qualifies as an automatic telephone dialing system; and (2) RoundPoint

violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55-

559.785, by harassing Plaintiff in the process of collecting a consumer debt.  (*See* Doc. 81; *see*

*also* Doc. 194 at 1).

After extensive litigation, the case ultimately proceeded to a one-day bench trial.  (Doc. 189; Doc. 194 at 2).  At the close of Plaintiff's case-in-chief, Defendants moved for judgment on partial findings under Fed. R. Civ. P. 52(c).  (*See* Doc. 190).  The Court granted Defendants' Motion.  (Doc. 194 at 2).  The Court found that Multibank and RoundPoint were entitled to judgment on the TCPA claim because Plaintiff gave prior express consent to receive calls on his cell phone about the loan at issue.  (*Id.*).  Additionally, the Court found that RoundPoint prevailed on the FCCPA claim because Plaintiff did not establish by a preponderance of the evidence that RoundPoint's calls were harassing or abusive.  (*Id.* at 2).  Judgment was entered for Defendants with costs against Plaintiff.  (Doc. 195 at 1).

On September 15, 2017 – before the trial and judgment – RoundPoint served a Proposal for Settlement and Offer of Judgment to Plaintiff Larry Harrington pursuant to Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442 (the "Offer").  (Doc. 198-1).  The Offer was explicitly limited to Plaintiff's FCCPA claim against RoundPoint.  (*Id.* at ¶¶ 3-4).  RoundPoint proposed to settle the FCCPA claim against it for $20,000.00.  (*Id.* at ¶ 4).  No non-monetary terms were included.  (*Id.* at ¶ 5).  The Offer encompassed all claims for attorneys' fees, costs, and punitive damages under the FCCPA.  (*Id.* at ¶¶ 7-8).  The Offer stated that, pursuant to Fla. R. Civ. P. 1.442(f), it would remain open to Plaintiff for a period of thirty (30) days or until withdrawn by RoundPoint in writing, whichever occurred first.  (*Id.* at ¶ 9).  Additionally, the Offer stated that "[i]n the event that the [Offer of Judgment] is rejected by Plaintiff, he is subject to sanctions, including, without limitation, those outlined in Rule 1.442(g) and Rule 1.442(h)."  (*Id.* at ¶ 10).

Plaintiff did not accept the Offer.  (Doc. 198 at 3).

## II.    Discussion

In the motion *sub judice*, RoundPoint seeks an award of attorneys' fees – totaling $227,142.70 – pursuant to Fed. R. Civ. P. 54(d)(2) and Fla. Stat. § 768.79.  (Doc. 198 at 1, 8).  Additionally, Multibank and RoundPoint seek an award of costs – totaling $11,128.00 – as the prevailing parties under Fed. R. Civ. P. 54(d)(1) and under the terms of the Court's Final Judgment.  (*Id.*).  The Undersigned addresses these requests separately below.

### A.    RoundPoint's Attorneys' Fees

Rule 54(d)(2), Fed. R. Civ. P., allows parties to move for attorneys' fees post judgment.  Such motions must, *inter alia*, be filed no later than fourteen (14) days after the entry of judgment, specify the judgment and the statute, rule, or other grounds entitling the movant to the award, and state the amount sought or provide a fair estimate of it.  Fed. R. Civ. P. 54(d)(2).

Here, judgment was entered in favor of the Defendants on December 7, 2017.  (Doc. 195).  Thereafter, RoundPoint timely moved for an award of attorneys' fees totaling $227,142.70 relating to the FCCPA claim asserted against it.  (*See* Doc. 198 at 1, 7-8).[1]  In its motion, RoundPoint claims it is entitled to these fees pursuant to Florida's offer of judgment statute, Fla. Stat. § 768.79, based upon the Offer RoundPoint served to Plaintiff.  (*See* Doc. 198 at 1, 7-8; Doc. 198-1).

Anticipating some of Plaintiff's opposition arguments based on the positions taken during the pre-motion conference, RoundPoint's motion argues that, even though RoundPoint's Offer was expressly made pursuant to both Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79 (*see* Doc. 198-1), compliance with Rule 1.442(c)(2)(B) was not required because Florida's offer of judgment statute and related rule of procedure are preempted by federal law such that "an offer of

---

[1]  RoundPoint does not seek attorneys' fees relating to the federal TCPA claim.  (*See id.*).

judgment cannot include a federal claim or attempt to shift fees for federal claims." (Doc. 198 at 5). Based on this preemption, RoundPoint argues that it would have been improper to include the TCPA claim in its Offer. (*Id.* at 5-6). Instead, RoundPoint argues that the Court should find that the Offer of Judgment complies with Fla. Stat. § 768.79 and award attorneys' fees for RoundPoint's defense against the state FCCPA claim because the Offer extended to that claim, and only that claim was properly included in the Offer. (*Id.*).

In his opposition brief, Plaintiff argues that the request for attorneys' fees should be denied because the Offer expressly excluded the federal TCPA claim. (Doc. 201 at 11-13). Plaintiff points out that the Offer expressly states that "[t]his Proposal is not directed to any other ground for relief, such as the TCPA claims pled in the above-captioned action." (*Id.* at 12 (citing Doc. 198-1 at ¶ 3)). Plaintiff contends that both Fla. Stat. § 768.79 and Rule 1.442(c)(2)(B) are substantive law applicable in this case. (*Id.* at 15). Plaintiff maintains, therefore, that the Offer should be denied as unenforceable because it failed to comply with Rule 1.442(c)(2)(B)'s requirement that "the proposal resolve[] all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served." (*Id.* at 11).

*Florida's Offer of Judgment Statute and Enabling Rule*

Florida's offer of judgment statute provides, in pertinent part:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award.

Fla. Stat. § 768.79(1).  The statute also expressly states that "[t]he offer shall be construed as including all damages which may be awarded in a final judgment."  *Id.* at § 768.79(2).  Rule 1.442(c)(2)(B), for its part, requires that proposals for settlement "state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to [the provision on attorney's fees]."  Fla. R. Civ. P. 1.442(c)(2)(B).

### Rule 1.442(c)(2)(B) Is Substantive Law

Based on the landmark case *Erie Railroad Company v. Tompkins* and its progeny, federal courts sitting in diversity or pendent jurisdiction apply the substantive law of the forum state alongside federal procedural law.  *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1259 (11th Cir. 2015).[2]  Under this framework, the disputed provision of Florida law here – Fla. R. Civ. P. 1.442(c)(2)(B) – applies only if it is determined to be substantive for *Erie* purposes.  *See Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011), *certified question answered*, 107 So. 3d 362 (Fla. 2013).

Determining whether Rule 1.442(c)(2)(B) is substantive or procedural for *Erie* purposes requires the Court to apply two tests.  *Id.*  First, the Court must determine whether Rule 1.442(c)(2)(B) conflicts with a Federal Rule of Civil Procedure.  *Id.*  If a conflict exists, then the Court applies the test set forth in *Hanna v. Plumer*, by which the Court follows the federal rule "so long as it is valid under the Constitution and the Rules Enabling Act."  *Id.* (citing *Hanna*, 380 U.S. 460, 472-74 (1965)).  Second, if no conflict exists, then the Court applies the "outcome determinative test" set forth by *Erie* and its progeny.  *Id.*  Under this test, the Court will apply Rule 1.442(c)(2)(B) "if its application would be so important to the outcome 'that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a

---

[2] *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)

plaintiff to choose the federal court.'" *Id.* (citing *Esfeld v. Costa Crociere, S.P.A.*, 289 F.3d 1300, 1307 (11th Cir. 2002), which in turn quotes *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 428 (1996)).

The Eleventh Circuit has found that Florida's offer of judgment statute, Fla. Stat. § 768.79, is substantive law for *Erie* purposes.  *Id.*  The Eleventh Circuit has not, however, reached "the same general conclusion with respect to all of the provisions of Rule 1.442 of the Florida Rules of Civil Procedure."  *Divine Motel Grp., LLC v. Rockhill Ins. Co.*, No. 3:14-cv-31-J-34JRK, 2017 WL 1161307, at *2 (M.D. Fla. Mar. 29, 2017) (citing *Horowitch*, 645 F.3d at 1257-59), *aff'd*, No. 17-11974, 2018 WL 388239 (11th Cir. Jan. 12, 2018).  Indeed, "while the Eleventh Circuit has previously conducted an analysis of certain subsections of Florida Rule 1.442 pursuant to the *Erie* doctrine, it has yet to do so for all subsections of the rule."  *Id.*

For instance, in *Horowitch v. Diamond Aircraft Industries*, the Eleventh Circuit found that Florida Rule 1.442(c)(2)(F), which requires a proposal for settlement to indicate whether the proposal includes attorneys' fees, is substantive.  *Horowitch*, 645 F.3d at 1258.  The court noted that "Rule 1.442(c)(2)(F) prescribes specific, substantive terms that an offer of judgment must include, and these terms matter to the parties because the inclusion or exclusion of attorney's fees is material to an offeree's ability to evaluate an offer."  *Id.*  As a result, the court found that "[t]he outcome determinative test yields the conclusion that it would be unfair not to apply the rule in federal court, and that it is therefore substantive for *Erie* purposes."  *Id.*

In contrast, the Eleventh Circuit found that Florida Rule 1.442(c)(2)(G), which requires a proposal's certificate of service to comply with a specific format, is procedural.  *Id.* at 1258-59.  In reaching that conclusion, the court applied "the *Hanna* test because a conflict is apparent between the Federal Rules and the Florida rule."  *Id.* at 1259.  Due to the conflict, the court

6

found that that specific provision was procedural for *Erie* purposes and, therefore, did not apply in federal court.  *Id.* at 1258.

The Eleventh Circuit does not appear to have directly decided yet whether Rule 1.442(c)(2)(B) is procedural or substantive.  In *Primo v. State Farm Mutual Automobile Insurance Company*, however, the court observed in a footnote – without deciding the issue – that Florida Rule 1.442(c)(2)(B) is "likely substantive."  661 F. App'x 661, 664 n.1 (11th Cir. 2016).  In doing so, the court referenced its previous holding in *Horowitch* that Rule 1.442(c)(2)(F) is substantive because it "prescribes specific, substantive terms that an offer of judgment must include' and which are material to an offeree's ability to evaluate an offer."  *Id.* (citing *Horowitch*, 645 F.3d at 1258).

Here, although the Eleventh Circuit has not specifically decided whether Rule 1.442(c)(2)(B) is procedural or substantive, the Undersigned finds the court's observation in *Primo* to be highly persuasive.  Indeed, under an *Erie* analysis, Rule 1.442(c)(2)(B) appears to be substantive.

Under that analysis, the Court must first evaluate whether Rule 1.442(c)(2)(B) conflicts with a federal statute or a Federal Rule of Civil Procedure.  *See Horowitch*, 645 F.3d at 1257-58 (citations omitted).  There does not appear to be a conflict between Rule 1.442(c)(2)(B) and a federal statute or Federal Rule of Civil Procedure.  Although Fed. R. Civ. P. 68 sets forth the general procedures governing offers of judgment in federal court, the language of the rule does not preclude what Fla. R. Civ. P. 1.442(c)(2)(B) requires—*i.e.*, an offer that resolves all damages that would otherwise be awarded in a final judgment.  More importantly, however, Fed. R. Civ. P. 68 does not apply in situations such as this where the defendant-offeror receives judgment in its favor.  *See Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351-52 (1981); (Doc. 195 at 1).

In the absence of a conflict, the Court must next apply the "outcome determinative test" to evaluate whether the Rule's application would be so important to the outcome that failure to apply it would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose federal court.  *See Horowitch*, 645 F.3d at 1258.  If that answer is yes, then Rule 1.442(c)(2)(B) is deemed substantive for *Erie* purposes.  *See id.*

Here, the Undersigned is persuaded by the Eleventh Circuit's observation in *Primo* and finds that the "outcome determinative test" should be answered in the affirmative, meaning that Rule 1.442(c)(2)(B) is substantive.  *See* 661 F. App'x at 664 n.1.  Indeed, Rule 1.442(c)(2)(B) appears to be sufficiently similar to Rule 1.442(c)(2)(F), which the Eleventh Circuit found is substantive.  *See id.*  Much like Rule 1.442(c)(2)(F), Rule 1.442(c)(2)(B) prescribes specific, substantive terms that an offer of judgment must include and that are material to an offeree's ability to evaluate an offer.  *See id.*  Specifically, a proposal must state that it "resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to [the attorney's fees provision]."  *See Primo*, 661 F. App'x at 664.  Without this statement, an offeree cannot properly evaluate an offer because certain claims may remain unresolved.

This conclusion is bolstered by Florida state court decisions regarding Rule 1.442 and the Florida Supreme Court's order adopting the 2013 amendment to the Rule.  In that regard, Florida courts have held that "the language of the [offer of judgment] statute and [Rule 1.442] must be strictly construed because the offer of judgment statute and rule are in derogation of the common law rule that each party pay its own fees."  *Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007).  Because Florida law requires strict compliance with both Rule 1.442(c)(2)(B) and Fla. Stat. § 768.79, the Florida Supreme Court has found that even technical violations, such as an

offer of settlement failing to state the statute on which it is based, are grounds for invalidation of an offer of judgment. *See id.* at 227. Thus, strict compliance with Fla. Stat. § 768.79 and Rule 1.442 is vital under Florida law.

Additionally, the Florida Supreme Court's order adopting the 2013 amendment to Rule 1.442 explained why the Florida Bar's Civil Procedure Rules Committee proposed deletion of the "requirement that the proposal for settlement 'identify *the claim or claims* the proposal is attempting to resolve' and replace it with the requirement that the proposal 'state that [it] resolves *all damages* that would otherwise be awarded in a final judgment in the action.'" *See In re Amendments to Fla. R. Civ. P.*, 131 So. 3d 643, 643-44 (Fla. 2013) (emphasis added). The Florida Supreme Court noted that a majority of the Committee determined that the amendment was needed to do two things. *Id.* First, the amendment was sought "to curtail partial proposals for settlement." *Id.* Second, the Committee sought to amend the Rule so that it comports with Fla. Stat. § 768.79(2), which provides, in pertinent part, that "[t]he offer [to settle] shall be construed as including *all damages* which could be awarded in a final judgment." *Id.* (citing Fla. Stat. § 768.79(2); emphasis added). Thus, a clear intention of the amendment to Rule 1.442(c)(2)(B) was to prevent partial proposals for settlements of actions and to bring the enabling Rule in conformity with the underlying offer of judgment statute. *See id.*

Taken together, given that Florida law requires that Rule 1.442 must be complied with strictly and given that Rule 1.442 was amended in 2013 to encourage full settlements, the Undersigned finds that the specific terms of Rule 1.442(c)(2)(B) are so important to the outcome of litigation that failure to apply the Rule would unfairly discriminate against citizens of the forum State, or be likely to cause a plaintiff to choose federal court. *See Horowitch*, 645 F.3d at 1258. Thus, consistent with the Eleventh Circuit's observation in *Primo*, the Undersigned finds

that Florida Rule of Civil Procedure 1.442(c)(2)(B) is substantive and must be applied in federal court to state law claims brought under diversity or supplemental jurisdiction.  *See* 661 F. App'x at 664 n.1.

        *Section 768.79 and Rule 1.442 Are, However, Preempted as to Federal Claims*

        In its Motion, RoundPoint does not squarely address whether Rule 1.442(c)(2)(B) is substantive or procedural under *Erie*.  (*See* Doc. 198 at 3-4).  Instead, RoundPoint argues that Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79 are preempted by federal law to the extent a party attempts to apply them to a federal claim.  (*Id.* at 4-5).  RoundPoint infers from such preemption that the partial Offer it made in this case was appropriate and enforceable under Rule 1.442 and § 768.79 notwithstanding the strict requirement of Rule 1.442(c)(2)(B) because the Offer encompassed only the state law claim.  (*Id.*).  RoundPoint cites *Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1287-88 (M.D. Fla. 2008) (Presnell, J.) to support its position.  (*Id.*).  RoundPoint relies on *Design Pallets* to argue that it would have been improper to include the TCPA claim in its Offer of Judgment and that the Court should reject any argument that the Offer failed to strictly comply with Rule 1.442(c)(2)(B).  (Doc. 198 at 5-6).

        Plaintiff's opposition brief does not address preemption or RoundPoint's reliance on *Design Pallets*.  (*See* Doc. 201).

        *Design Pallets* was decided in 2008 before Rule 1.442(c)(2)(B) was amended to require that a proposal resolve all damages that would otherwise be awarded in a final judgment in the action.  *See id.*  Thus, the case does not address the specific sub-section of the Rule at issue here. Nevertheless, a discussion of *Design Pallets* is instructive.

        In *Design Pallets*, this Court denied a defendant's motion for attorneys' fees and costs, holding that Fla. Stat. § 768.79 did not apply to the federal claims at issue.  583 F. Supp. 2d at

1287-88.  The plaintiff asserted both federal and state law claims, though the majority of the claims were state law claims.  *Id.*  The Court had federal question and supplemental jurisdiction. *Id.*  The defendant's offer of judgment sought to resolve both the federal and state law claims. *Id.* at 1284 n.4.  The Court ultimately granted summary judgment in favor of the defendant on the federal claims and declined to exercise supplemental jurisdiction over the remaining state law claims, dismissing them without prejudice.  *Id.* at 1284.  In denying fees and costs and addressing the applicability of § 768.79, the Court held:

> The Court holds that . . . § 768.79 is substantive—not procedural—*and applies only to underlying Florida causes of action.  However, by virtue of the Supremacy Clause and the Costs Statute, § 768.79 cannot be the basis for shifting one party's attorneys' fees to another on a federal claim.*  Only Congress may create exceptions to the American Rule where federal claims are at issue.  Accordingly, where a federal court has subject matter jurisdiction over a federal question only, § 768.79 does not apply.  *Where the Court has both a federal question and supplemental or diversity jurisdiction over Florida claims, § 768.79 applies only to the Florida claims.*  However, should the Court dispose of all the federal claims, not address the Florida claims by declining to exercise its supplemental jurisdiction, and then dismiss the Florida claims without prejudice, § 768.79 is not triggered because the defendant was not a prevailing party with respect to any of the State claims.
>
> Here, the Court had both federal question and supplemental subject matter jurisdiction.  Although the majority of Design Pallets' claims were State law claims, the Court disposed of Design Pallets' federal claims without addressing any of the Florida claims.  Accordingly, § 768.79 does not apply.

*Id.* at 1287-88 (emphasis added).

Thus, *Design Pallets* stands squarely for the proposition that Florida's offer of judgment statute, Fla. Stat. § 768.79, does not apply to federal claims where the federal trial court exercises federal question jurisdiction over those claims and supplemental jurisdiction over additional state law claims.  *See id.*  This conclusion appears to be based on field preemption.  *See id.* at 1287 ("Based on more than 150 years of statutory history and parallel Supreme Court precedents,

Congress has rather clearly 'occupied the field' concerning the provision of attorneys' fee awards for federal claims.").

The Undersigned finds the analysis and ruling in *Design Pallets* to be highly persuasive. Here, as in *Design Pallets*, the Court's subject matter jurisdiction is based on federal question jurisdiction over the federal claim (the TCPA) and supplemental jurisdiction over the state law claim. (*See* Doc. 81 at ¶ 15); *Design Pallets*, 583 F. Supp. 2d at 1284.  Although the ultimate disposition of the state law claim in this case was different than in *Design Pallets*, that distinction is immaterial.  *Design Pallets* supports the general conclusion that, based on field preemption, § 768.79 simply does not apply to Plaintiff's federal TCPA claim, regardless of the ultimate disposition of the state law claim.  *See* 583 F. Supp. 2d at 1287-88.  As a result, RoundPoint could not use the mechanism of Fla. Stat. § 768.79 to recover attorneys' fees for prevailing on the TCPA claim.  *See id.*[3]  Although *Design Pallets* did not reach the issue, the Undersigned finds that if Florida's offer of judgment statute is preempted, then the enabling Rule 1.442 must also be preempted.  (*See* Doc. 198 at 5).  The Undersigned can discern no principled basis on which to differentiate the statute from the enabling rule for preemption purposes.

*RoundPoint's Offer Is Nevertheless Unenforceable*

Although the Undersigned agrees with RoundPoint that Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442 are preempted as to the federal claim in this case, it does not logically follow that RoundPoint's partial Offer in this case is enforceable.  RoundPoint does not explain how it proposes to bridge the analytical gap between the conclusion on preemption and the conclusion that RoundPoint's partial Offer is enforceable.  (*See* Doc. 198 at 2-6).

---

[3]  The TCPA itself does not provide for the recovery of attorneys' fees.  *See* 47 U.S.C. § 227.

The Undersigned finds that the net effect of the *Erie* analysis, the preemption analysis, Florida's strict construction of the statute and the Rule, and reasons underlying the 2013 amendments to Rule 1.442(c)(2)(B) precluded RoundPoint from making an enforceable partial offer of judgment pursuant to Fla. Stat. § 768.79 or Fla. R. Civ. P. 1.442 that included the state law claim and excluded the federal claim.  Rule 1.442(c)(2)(B) is substantive law for *Erie* purposes and it applied to the state law claim in this case, even if it did not apply for preemption reasons to the federal claim.  Additionally, Florida law requires strict compliance with and strict construction of the Rule.  *See Campbell*, 959 So. 2d at 226.  The Rule's plain language following the 2013 amendments requires that an offer "state that the proposal resolves *all damages that would otherwise be awarded in a final judgment in the action* in which the proposal is served." Fla. R. Civ. P. 1.442(c)(2)(B) (emphasis added); *accord* Fla. Stat. § 768.79(2) ("The offer shall be construed as including *all damages which may be awarded in a final judgment*.").  Damages on the federal claim would otherwise be awarded in a final judgment in this case.  Put simply, RoundPoint did not comply with Rule 1.442(c)(2)(B) because it did not include all damages that would otherwise be awarded in a final judgment in this case.  Consequently, RoundPoint's Offer of Judgment is unenforceable.  To hold otherwise would fundamentally re-write the *substantive* requirements of both § 768.79(2) and the current version of Rule 1.442(c)(2)(B) to permit offers of judgment on something less than "all damages" in cases involving federal and state claims. This Court cannot justify such a result.

Because it was unenforceable, RoundPoint's Offer of Judgment cannot be used to recover attorneys' fees.  *See id.*  Accordingly, the Undersigned recommends that RoundPoint's Motion for Attorneys' Fees (Doc. 198) be denied.

In the event the presiding District Judge disagrees with the Undersigned's recommendations and finds the Offer enforceable, the Undersigned alternatively recommends that RoundPoint's Motion for Attorneys' Fees (Doc. 198) be denied without prejudice to RoundPoint's ability to re-file the motion with additional information and materials concerning the reasonableness of the attorneys' fees requested.  As Plaintiff correctly points out (*see* Doc. 201 at 16-20), RoundPoint failed to provide sufficient information, argument, and materials necessary for the Court to determine the amount of the attorneys' fees to be awarded.  For example, but without limitation, RoundPoint did not submit any evidence concerning the prevailing fee rate, the experience and qualifications of its counsel, or a lodestar analysis. Instead, RoundPoint submitted more than 300 pages of voluminous timekeeping records for the Court to review.  (*See* Doc. 198 at 6-8; Doc. 198-2).  The Court should not be put to the task of doing RoundPoint's work for it, especially when the amount of fees being requested is $227,142.70.

### B.    RoundPoint's and MultiBank's Costs

#### 1.    Legal Standards

Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  The language of Rule 54 creates a presumption in favor of awarding costs to the prevailing party, which presumption the losing party must rebut.  *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).  Moreover, Congress has comprehensively regulated the taxation of costs in federal courts.  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).  28 U.S.C. § 1920 provides a list of taxable costs as follows:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

*Id.* Courts have discretion in taxing costs under § 1920. *Crawford*, 482 U.S. at 444-45. Yet, absent statutory language to the contrary, courts are prohibited from taxing costs not enumerated in § 1920. *See id.*[4]

### 2.    Analysis

As an initial matter, Defendants are the prevailing party. (*See* Doc. 195 at 1). Thus, a presumption exists in favor of awarding costs to Defendants, and Plaintiff must rebut that presumption. *See Manor Healthcare*, 929 F.2d at 639; Fed. R. Civ. P. 54(d)(1). Despite this presumption, the Undersigned notes that Defendants failed to provide any documentation, such as invoices, for the Court to begin to assess the reasonableness of the costs sought. As a result, the Court has only been provided with enough information to find that certain costs sought by Defendants are reasonable. The Undersigned addresses the specific costs sought below.

---

[4] The specific costs recoverable are those specified in 28 U.S.C. § 1920, not what might be recoverable under Florida law. *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24, 2010 WL 3062420, at *2 (M.D. Fla. Aug. 4, 2010); *see also Primo*, 2015 WL 5474349, at *2. Thus, even in cases involving Florida's offer of judgment statute, the list of costs in § 1920 is exclusive. *See Primo v. State Farm Mut. Auto. Ins. Co.*, No. 3:13-cv-64-J-32MCR, 2015 WL 5474349, at *2 (M.D. Fla. Sept. 15, 2015), *aff'd*, 661 F. App'x 661 (11th Cir. 2016).

(i)      *Fees of the clerk*

28 U.S.C. § 1920(1) allows for fees of the clerk.  Here, Defendants seek $36.00 for

"Clerk Fees" and $150.00 for fees related to counsel's admission *pro hac vice*.  (Doc. 196-1 at

1).

First, as to the costs totaling $36.00 for "Clerk Fees," the Undersigned has no basis to

evaluate what this cost relates to or to assess its reasonableness.  Indeed, Defendants did not

provide any supporting documentation as to this charge.  This court has previously disallowed

costs for failure to provide documentation.  *See American Cas. Co. of Reading, Pennsylvania v.

Health Care Indem., Inc.*, No. 807-CV-0421-T-33EAJ, 2009 WL 1456429, at *2 (M.D. Fla. May

22, 2009) (disallowing costs for the defendant's failure to provide supporting documentation).

Here, without supporting documentation, the Undersigned recommends that this cost not be

taxed against Plaintiff.  *See id.*

Second, as to the costs associated with *pro hac vice* fees, this Court routinely rejects

requests for *pro hac vice* fees because they are not enumerated under § 1920.  *See, e.g., Blitz

Telecom Consulting, LLC v. Peerless Network, Inc.*, No. 6:14-cv-307-ORL-40GJK, 2016 WL

7325544, at *2 (M.D. Fla. Aug. 31, 2016), *report and recommendation adopted*, No. 6:14-cv-

307-ORL-40GJK, 2016 WL 7446390 (M.D. Fla. Oct. 4, 2016), *aff'd*, No. 16-11622, 2018 WL

1151253 (11th Cir. Mar. 5, 2018).  Consistent with this Court's prior decisions, the Undersigned

recommends that this cost not be taxed against Plaintiff.

(ii)      *Fees for service of subpoena*

28 U.S.C. § 1920(1) allows taxable costs for "[f]ees of the . . . marshal."  The Eleventh

Circuit has stated that this category of costs includes costs for private process servers in an

16

amount that does not exceed what the United States Marshals Service charges.  *E.E.O.C. v.*

*W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

Here, Defendants seek $95.00 for service of a trial subpoena on Jamie Harrington.  (Doc.

196-1 at 1).  Plaintiff, however, argues that the cost is not reasonable.  (Doc. 201 at 6).

Specifically, Plaintiff provided an affidavit from counsel stating that counsel agreed to produce

Ms. Harrington at trial voluntarily.  (Doc. 201-1 at 1).  Moreover, Plaintiff notes that, because

Defendants failed to provide any supporting documentation, the Court cannot assess whether the

charges are authorized.  (Doc. 201 at 6).

The Undersigned agrees with Plaintiff and finds that this cost should not be taxed against

him.  To be clear, the Undersigned does not agree that the cost should be disallowed because

Plaintiff agreed to produce Ms. Harrington voluntarily.  Defendants are not obligated to accept

that offer and then run the risk that the witness will not appear for trial as promised.  The

Undersigned's recommendation is based on Defendants' failure to provide any supporting

documentation.  Without supporting documentation, the Undersigned has no basis to evaluate the

reasonableness of the costs sought.  Thus, this charge should not be taxed against Plaintiff.

(iii)     *Fees for transcripts and court reporter related fees*

28 U.S.C. § 1920(2) allows for the recovery of fees for printed or electronically recorded

transcripts necessarily obtained for use in the case.

Here, Defendants seek costs totaling $4,840.83 for transcripts from hearings, transcripts

from depositions, and transcripts of two call recordings.  (Doc. 196-1 at 2).  Plaintiff objects to

these costs because Defendants provided no supporting documentation.  (Doc. 201 at 7-8).  Due

to Defendants' failure, Plaintiff argues that the Court cannot determine whether the transcripts

17

were necessarily obtained for use in this case or that any non-recoverable fees such as expedited delivery are included in the totals.  (*Id.*).

The Undersigned addresses each category of transcripts below.

First, as to the hearing transcripts, a number of jurists in this District have concluded that hearing transcripts are taxable only when they were reasonably obtained in preparation for *additional* argument and/or motion practice.  *Blitz Telecom*, 2016 WL 7325544, at *4 (citations omitted).  Given that this case proceeded to trial, the Undersigned finds that these transcripts were necessarily obtained for use in this case at later proceedings.  At the very least, Plaintiff has not rebutted the presumption that the hearing transcript costs should be awarded to Defendants.

Similarly, deposition costs are taxable under § 1920(2).  *W&O, Inc.*, 213 F.3d at 620 (citation omitted).  Because this case proceeded to trial, the Undersigned finds that these transcripts were necessarily obtained for use in this case at later proceedings, including trial. Additionally, Plaintiff has not rebutted the presumption that the deposition transcript costs should be awarded to Defendants.

Finally, as to the transcripts related to two call recordings, this case involved allegations of impermissible calls to Plaintiff's cell phone.  (*See* Doc. 194 at 1-2).  Although Defendants failed to state the purpose of the call recordings, given that this case proceeded to trial, the Undersigned finds that Plaintiff has not rebutted the presumption that the transcript costs for these two calls should be awarded to Defendants.

Although the Undersigned finds that the transcript costs are taxable, Plaintiff's objection that Defendants provided no supporting documentation is well-taken.  (Doc. 201 at 7-8).  As a result of Defendants' lack of effort, the Court cannot determine whether the transcript costs sought include any non-recoverable fees.  By way of example, the costs associated with

condensed transcripts, ASCII, electronic transcripts, rough drafts, shipping and handling, or digitizing and synchronizing video depositions are not taxable. *See Meidling v. Walgreen Co.*, No. 8:12-CV-2268-T-TBM, 2015 WL 12838340, at *4 (M.D. Fla. June 19, 2015).

Here, because Defendants failed to provide supporting documentation, including invoices, the Undersigned recommends that – in the Court's discretion – the transcript costs be reduced by 50%. This reduction takes into account the potential that Defendants' demand includes undocumented, non-recoverable costs, while also allowing Defendants to recover some portion of its recoverable costs in this category. The Undersigned recommends, therefore, that costs totaling **$2,420.42** be taxed against Plaintiff.

(iv)     *Printing fees*

Section 1920 allows for fees from printing, fees for exemplification, and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(3)-(4).

Here, Defendants seek $88.00 for printing fees. (Doc. 196-1 at 3). Other than a conclusory statement in an affidavit by counsel, (*see* Doc. 197 at ¶ 3), Defendants provided no specific information that the costs were necessarily obtained for use in the case or invoices for the Court to assess the reasonableness of the charges sought. Without more information and adequate supporting documentation, the Undersigned recommends that these costs not be taxed against Plaintiff.

(v)     *Copying fees*

As stated above, § 1920 allows for fees from printing, fees for exemplification, and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(3)-(4).

Here, Defendants seek $1,571.91 for copying fees.  (Doc. 196-1 at 3).  As above, Defendants' counsel makes the same conclusory statement in an affidavit by counsel that these copies were necessarily obtained.  (*See* Doc. 197 at ¶ 3).  However, Defendants provided no information that the costs were necessarily obtained for use in the case or invoices for the Court to assess the reasonableness of the charges sought.

Despite Defendants' failure to provide necessary information and documentation, one entry on the cost sheet appears on its face to be necessarily obtained for use in the case. Specifically, Defendants seek $942.21 related to trial exhibits and binders.  (Doc. 196-1 at 3). Because this case proceeded to trial, the Undersigned finds that these costs were necessarily obtained for use in the case.  Nevertheless, because Defendants failed to provide supporting documentation, including invoices, the Court cannot determine whether the costs sought include any non-recoverable fees or charges.  Thus, the Undersigned recommends that – in the Court's discretion – these copying costs be reduced by 50%.  This reduction affords Defendants some relief but takes into account the potential that the amounts Defendants seek may include undocumented, non-recoverable costs.  The Undersigned recommends, therefore, that costs totaling **$471.11** be taxed against Plaintiff.

### (vi)    Other costs

Finally, Defendants seek a number of "other costs."  (Doc. 196-1 at 4-5).  For the reasons explained below, Defendants should not recover most of these other costs because they have not shown that the other costs are recoverable under § 1920.

First, Defendants seek $417.64 in costs for "FedEx."  (Doc. 196-1 at 1-2).  This Court has previously found that postage costs are not recoverable under § 1920.  *Four Green Fields Holdings, LLC v. Four Green Fields, an Irish Pub, Inc.*, No. 8:10-cv-2800-T-27EAJ, 2011 WL

5360143, at *4 (M.D. Fla. Oct. 17, 2011), *report and recommendation adopted sub nom. Four Green Fields Holdings, LLC v. Four Green Fields*, No. 8:10-cv-2800-T-27EAJ, 2011 WL 5360123 (M.D. Fla. Nov. 2, 2011).  Consistent with this Court's prior decisions, the Undersigned recommends that these costs not be taxed against Plaintiff.  *See id.*

Second, Defendants seek $97.00 for "Verizon – Phone Records pursuant to subpoena duces tecum."  (Doc. 196-1 at 4).  Defendants have not shown how this cost is recoverable under § 1920 or that the cost was reasonable.  Therefore, the Undersigned recommends that this cost not be taxed against Plaintiff.

Third, Defendants seek $34.65 in telephone costs.  (*Id.* at 4-5).  Defendants have not shown that these costs are recoverable under § 1920 or that the costs were reasonable. Therefore, the Undersigned recommends that these costs not be taxed against Plaintiff.

Fourth, Defendants seek $1,996.67 in legal research costs.  (Doc. 196-1 at 5).  Legal research costs are not taxable under § 1920.  *See Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x 837, 846 (11th Cir. 2008).  Therefore, the Undersigned recommends that these costs not be taxed against Plaintiff.

Fifth, Defendants seek mediator costs totaling $750.00.  (Doc. 196-1 at 5).  This Court has held that mediation costs are not taxable under § 1920.  *American Cas.*, 2009 WL 1456429, at *2.  However, the original Case Management and Scheduling Order in this case explicitly provides, with respect to the mediator's compensation, that "[u]pon motion of the prevailing party, the party's share may be taxed as costs in this action."  (Doc. 46 at 12 ¶ IV(E)).  Based upon the Case Management and Scheduling Order, the Undersigned finds that Defendants' share of the mediator's costs of **$750.00** are recoverable and should be taxed against Plaintiff.

Finally, Defendants seek $5.00 for courthouse parking at trial.  (Doc. 196-1 at 5).  The Eleventh Circuit has held that parking fees are "clearly nonrecoverable" under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).  The Undersigned, therefore, recommends that these costs not be taxed against Plaintiff.

### 3.      Conclusion

Based upon the foregoing, the Undersigned recommends that costs be taxed against Plaintiff in the total amount of **$3,641.53** pursuant to 28 U.S.C. § 1920, and that all other costs sought by Defendants be denied.

### CONCLUSION

For the reasons explained above, the Undersigned finds that RoundPoint is not entitled to attorneys' fees because its Offer of Judgment (Doc. 198-1) failed to comply strictly with Florida Rule of Civil Procedure 1.442(c)(2)(B) and Fla. Stat. § 768.79, rendering it unenforceable.  The Undersigned also finds that costs should be taxed against Plaintiff in the amount **$3,641.53** pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendants' Motion for Attorneys' Fees and Costs (Doc. 198) be **GRANTED IN PART** and **DENIED IN PART**, as follows:

1) The motion should be **GRANTED** insofar as costs are taxed against Plaintiff in an amount totaling **$3,641.53**; and

2) The motion should be **DENIED** to the extent Defendants request any other relief.

Respectfully recommended in Chambers in Fort Myers, Florida on August 9, 2018.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties